Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5634 | **DATE** | 12/27/2004 |
| **CASE TITLE** | Josef H. Tsau vs. National Science Foundation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: As Tsau's only basis for relief is his alleged entitlement to federal funding to develop his scientific theory, his complaint fails to state a claim upon which relief may be granted. Tsau's request to direct the NSF to change its method of evaluating funding proposals is not appropriately before this court. A complaint may not seek a court to create legislation. NSF's motion to dismiss (3-1) Tsau's complaint is granted. The in court hearing set for 12/30/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 28 2004 | 7 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | 15 | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | | | 12/27/2004 | |
| | GL courtroom deputy's initials | | date mailed notice GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| JOSEF H. TSAU | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 04 C 5634 | DOCKETED |
| | ) | | |
| NATIONAL SCIENCE FOUNDATION | ) | | DEC 2 8 2004 |
| (NSF), | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Josef H. Tsau has filed a *pro se* complaint against the National Science Foundation (NSF), alleging wrongs based upon the NSF's rejection of his two proposals for funding in 1999 and 2003. Defendant NSF has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6). For the reasons stated below, we grant to motion to dismiss.

### BACKGROUND

For the purposes of the motion to dismiss, we accept all of the well-pled factual allegations in Tsau's complaint as true. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

Tsau's complaint begins by asserting that his theory of physics, the "physics of mechanics (PM)" is the only scientifically proven physics, as opposed to modern physics, which Tsau claims is "both scientifically wrong and religion-like." (Compl. at 1.) Tsau further alleges that the NSF is "hurting science and the public, including the plaintiff, by knowingly using modern physics, the proven-wrong science, to judge scientific research and education proposals applying for funding." *Id.* Tsau alleges that "his recent breakthrough scientific discovery of aether . . . has again conclusively proven PM correct

and disproved all no-aether theories including modern physics." (Compl. at 2.) Tsau submitted his discovery of the PM theory to the NSF in 1999 and 2003, and the NSF judged and rejected his proposals for funding. He asserts that the NSF improperly rejected his proposals and "knowingly used religion-like pseudo-science as the scientific standard to evaluate its proposals." *Id.*

Based on the NSF's rejection of his two proposals, Tsau claims that he has been denied the scientific research and education funding that he deserved. Tsau also claims that the NSF's rejection prevented him from getting a good job, such as a professorship, and that, with NSF funding, his two books "would have made a lot of money instead of suffered (sic) big losses." (Compl. at 3.) Based on these allegations, Tsau seeks $300,000 in compensatory damages. Tsau also asks this court to issue an order that the "NSF evaluate proposals using the knowledge of PM as the scientific standard" and "stop using the knowledge of modern physics as scientific criteria to evaluate proposals."

## STANDARD OF REVIEW

In reviewing a motion to dismiss, we accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Likewise, in the case of a motion challenging the sufficiency of the subject matter jurisdiction allegations, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Dismissal is warranted only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1975). However, a court need not "strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." *Coates v. Illinois State Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977). When, as in the present case, a plaintiff is proceeding *pro se*, we have a special responsibility to construe his complaint liberally. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th

2

Cir. 1996).

## ANALYSIS

NSF has moved to dismiss Tsau's complaint on the grounds of *res judicata*, lack of subject matter jurisdiction, and for failure to state a claim. We address each of these grounds below.

### A. *Res Judicata*

With respect to the rejection of Tsau's 1999 proposal for NSF funding, *res judicata* applies. The doctrine of *res judicata* bars further litigation of matters decided in a prior action where there has been (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 907 (7th Cir. 1990). Tsau brought a complaint in 2000, which brought a variety of claims against NSF and other defendants based upon the NSF's rejection of his 1999 proposal. In that case, which was before another court in this district, Tsau's complaint was dismissed for lack of subject matter jurisdiction and for failure to state a claim. *See Tsau v. Nat'l Sci. Found. et. al*, 00 CV 6, 2000 WL 1466665 (N.D. Ill. Sept. 29, 2000). Although Tsau now contends he is relying on new events and findings and new legal allegations related to his 1999 proposal rejection, this does not provide a basis to revisit the 2000 decision. *Res judicata* applies to all matters within the purview of the original action, whether or not they were actually raised. *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984).

Because the earlier action was adjudicated on the merits, involves the same cause of action as the present case with respect to Tsau's 1999 proposal, and involves the same parties Tsau and the NSF, *res judicata* applies. Having found that *res judicata* bars Tsau's claims for relief based on the NSF's denial of his 1999 funding proposal, we address the motion to dismiss to the extent Tsau's complaint seeks relief for the denial of his 2003 proposal.

3

## B. Subject Matter Jurisdiction

Absent a waiver, the doctrine of sovereign immunity shields the federal government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Furthermore, federal sovereign immunity is jurisdictional in nature. *Id.* Thus, a complaint against the federal government or one of its agencies must allege a statute that waives the government's immunity. *Metro. Sanitary Dist. of Greater Chicago v. United States Dep't of Navy*, 722 F. Supp. 1565, 1568 (N.D. Ill. 1989) ("In a suit against the United States the jurisdictional allegations in the plaintiff's complaint must refer to a statute that waives the government's immunity.").

Although Tsau has alleged that "[t]his complaint is within the jurisdiction of federal court since the defendant is a government agent," he has not identified a statute under which his claim falls that waives federal sovereign immunity. Indeed, Tsau has not alleged any statute that provides the legal basis for his claims, nor can we, in liberally construing his allegations, identify one. Accordingly, Tsau's allegations fail to bring his complaint within federal subject matter jurisdiction and must be dismissed.

## C. Failure to State a Claim

Tsau avers that he has been injured because the NSF has twice rejected his proposals for funding. Under well-established law, although a private individual may not have as much money as he wants, and therefore may not be able to disseminate his ideas as much as he would like, a private individual has no right to compel the government to fund the development or publication of his ideas with taxpayer dollars. *Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 550 (1983). "Congressional selection of particular entities or persons for entitlement to this sort of largesse is obviously a matter of policy and discretion not open to judicial review." *Id.* at 549 (internal citations omitted). As Tsau's only basis for relief is his alleged entitlement to federal funding to develop his scientific theory, his complaint fails to state a claim upon which relief may be granted.

4

Finally, Tsau's request to direct the NSF to change its method of evaluating funding proposals is not appropriately before this court. A complaint may not seek a court to create legislation. *See Ferguson v. Skrupa*, 372 U.S. 726, 729 (1963) ("Under the system of government created by our Constitution, it is up to the legislatures, not courts, to decide on the wisdom and utility of legislation.").

## CONCLUSION

For the above stated reasons, NSF's motion to dismiss Tsau's complaint is granted. It is so ordered.[1]

MARVIN E. ASPEN
United States District Judge

Dated 12/27/04

---

[1] We note the frivolous and duplicative nature of this complaint, and we admonish Tsau that should he continue to proceed in this litigation, he will be subject to Rule 11 sanctions and fines.

5